UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SATISH EMRIT., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-30018-KAR |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

ORDER AND REPORT AND RECOMMENDATION

ROBERTSON, U.S.M.J.

I.   INTRODUCTION

On February 2, 2020, Plaintiff Ronald Satish Emrit ("Emrit"), a self-described disabled and unemployed resident of Nevada with a mailing address in Florida, filed a *pro se* complaint against the Federal Bureau of Investigation ("FBI"). With the complaint, Emrit filed a motion for leave to proceed *in forma pauperis*. On March 27, 2020, Emrit filed an amended complaint. This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

II.   RELEVANT BACKGROUND

Emrit's amended complaint consists primarily of a recounting of events surrounding the plaintiff's 1999 engagement to a Cuban national and his subsequent enrollment at Saint Thomas University School of Law in Miami as well as various litigation that includes a 2014 lawsuit against Yahoo in a California federal court and a 2016 settlement agreement with Seven Hills Behavioral Hospital in Nevada. *See* Amended Complaint ("Am. Compl."). Emrit brings this action "against the sole governmental defendant [the FBI] for the causes of action amounting to

the **wrongful institution of legal proceedings/malicious prosecution** in addition to the tortious invasion of privacy through intrusion upon seclusion and 'false light' in addition to the intentional infliction of emotional distress amounting to extreme and outrageous conduct." *Id.* at p. 1 (emphasis in the original). Emrit alleges federal question jurisdiction and states that "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." *Id.* at ¶ 11, p. 4. Emrit states that he also filed "this cause of action" in three different federal courts in Florida. *Id.* at ¶ 6, p. 3.

For relief, Emrit seeks monetary damages in the amount of $80,000 as well as an order enjoining the FBI from "conducting surveillance and/or COINTELPRO on the plaintiff given that he is a Catholic, African-American from Washington, D.C. who was merely an intern and/or apprentice at NIH/NHLBI/ Division of Hematology." *Id* at p. 20.

### III. DISCUSSION

#### a. The motion for leave to proceed *in forma pauperis*

Upon review of Emrit's financial disclosures, the court finds that he is without sufficient funds to pay the filing fee for this action. Accordingly, the court grants Plaintiff's motion for leave to proceed *in forma pauperis*.

#### b. Standard of Review

Because plaintiff has sought to proceed without the prepayment of the filing fee, the matter is subject to review to determine if it satisfies the requirements of the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or

if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "In evaluating whether a complaint states a plausible claim, we 'perform [a] two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)) (additional citation omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Morales-Cruz*, 676 F.3d at 224 (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

For purposes of preliminary review, the court liberally construes Plaintiff's complaint because he is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Even allowing for a

3

liberal construction of the complaint, the court recommends, for the reasons set forth below, that it be dismissed.

    c.  Analysis

Here, the allegations of the amended complaint are wholly insufficient to state a cognizable federal claim. Emrit names the FBI as the sole defendant, yet there are no factual allegations linking his purported claims to the FBI. The amended complaint fails to allege a minimum factual basis for any claim that is sufficient to give any purported defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

To the extent that plaintiff wishes to raise a federal civil rights claim against an officer or employee of the FBI, he must identify each individual, set forth a short and plain statement of each claim showing that a specific individual took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. Plaintiff, however, fails to make specific factual allegations against any individual.

It is well-established that the proper vehicle for a civil rights claim against a person acting under color of federal law is a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, it also well-established that *Bivens* only authorizes suits against federal officers in their individual capacities, because the doctrine of sovereign immunity bars suits against the federal government, its agencies, and federal agents acting in their official capacities. *See Bivens*, 403 U.S. at 389; *Tapia–Tapia v. Potter*, 322 F.3d 742, 746 (1st Cir.2003) (holding that no *Bivens* remedy is available against the United States, federal agencies, or federal officers in their official capacities). To the extent that Emrit is attempting to assert a *Bivens* claim, there are no factual allegations establishing that any individual FBI agent violated any of Emrit's constitutional rights.

Moreover, even if Emrit alleged facts in support of a claim for money damages from FBI employees in their individual capacities, venue is improper in this court. To the extent Emrit asserts a claim under the Federal Tort Claims Act ("FTCA"), the FTCA allows for two alternative forums of proper venue: (1) "the judicial district where a plaintiff resides" and (2) the judicial district "wherein the act or omission complained of occurred." *See* 28 U.S.C. § 1402(b). Venue in *Bivens* cases are governed by 28 U.S.C. § 1391(b); *Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (venue in suits for damages against federal employees in their individual capacity is governed by § 1391(b)). Under 28 U.S.C. § 1391(b), venue is permitted only in the judicial district where the defendants reside if all defendants are residents of the state in which the district is located, or in the judicial district in which a substantial part of the claim arose. Here, any events giving rise to the claims asserted in the amended complaint are not alleged to have taken place in the District of Massachusetts. After reviewing plaintiff's amended complaint, the court concludes that venue for this action does not lie within the District of Massachusetts.

IV.   CONCLUSION

For the reasons set forth above, it is hereby Ordered that:

1.   Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

2.   This action shall be REASSIGNED to a District Judge.

      3.      This Court further RECOMMENDS that this action be dismissed pursuant to § 1915(e)(2)(B)(ii).[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: April 8, 2020

---

[1] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.